here. This is an honorable report for the second district of Southwestern for Silver's Court of Appearance. The Honorable Robert E. McLaren is presiding. Our name of the gathering held is Sherry Silver and our co-member of the gathering is Nancy Smith. Thank you. Ms. Silver? You may proceed. Thank you, Your Honor. Good morning, Your Honor's Counselor. May it please the Court, I am Sherry Silver. I am representing Mr. Taylor and Luis Moreno in this appeal. The issue in this appeal, which is the application of the double jeopardy protections under circumstances that are present in these cases, seems to have appeared only in Boone County. In all of the traffic cases that I've done, I've never seen this issue appear in any other county. And it actually was argued last week in Manuel Villafuerte Medrano. And it was, unfortunately, the same issue was dismissed out recently in Jesus Cervantes because of an untimely notice of appeal. The cases today, though, do not have those procedural hurdles that have to be overcome so the double jeopardy issue can be hit head-on. The double jeopardy issue, though, rests on the definition of criminal conviction under the Illinois Vehicle Code. Your Honors, two of whom were on the bench for the decision in Smith, have already decided that. And Your Honors decided that a criminal conviction under the Illinois Vehicle Code is encompassed by a judgment entered on a bond forfeiture. The Vehicle Code says that. Section 6100B says that a final adjudication of guilty by a court of competent jurisdiction is entered after a bench trial, jury trial, guilty plea, bond forfeiture, or default. If it's treated as a criminal conviction under the Vehicle Code and it means the same thing as it would if it had been entered after a jury trial or a bench trial, then it has to carry the protections of the double jeopardy clause. And in this case, what happened was, or these cases I should say, Mr. Moreno was picked up on a driving license revoked. He was originally stopped because there were things hanging from his rearview window, I guess, and the trooper determined that it was blocking his vision. He was charged with a misdemeanor, he bonded out, and he failed to return. Who imposed the conviction here? I'm sorry? Who imposed the conviction upon these defendants? Actually, it was on the State's motion. I can't remember if it was in both of the cases, but I know that the State, there was a notice of forfeiture that was sent to the defendants. There was a judgment of forfeiture entered on the State's motion. Correct. A judgment of forfeiture was entered. Who imposed a conviction upon them? It is entered by the Secretary of State. Okay, so the Secretary of State imposed the conviction. Well, the judge entered the final judgment of the forfeiture. Forfeiture and bond. Right. I mean, did the court make an ex parte finding of guilty? On the offense of driving license revoked? Correct. No. But we're saying that that's the equivalent. If the definition of the vehicle code says that a conviction can be entered on a bond forfeiture, order of forfeiture, what is that supposed to be entered on? It has to be entered on the underlying offense that presented itself. Can it be a conviction for purposes of enhancement and not a conviction for purposes of double jeopardy constitutional violation? The argument that we're making is no. If it's a criminal conviction, it's a criminal conviction across the board. It'll serve under Smith as an enhancement for later purposes, but also for double jeopardy purposes. Is a conviction final without a sentence? That's the question. And in these cases, I know that the public defender, the question came up, the prosecutor said, shouldn't this just be set for a sentencing? And the defense attorney, Kerry Parr, said no. Respectfully to Kerry Parr, I'm going to disagree with that. And we are arguing that, yes, it should be set for sentencing. You've got a conviction that's been entered on the driving license revoked. There's no sentence that's provided for bond forfeiture unless it's charged under the criminal code and there's a separate conviction on the offense of forfeiture of bond. That didn't happen here. That's an alternative that the state could take. They don't have to proceed just on the bond forfeiture that's here. They could charge it as a criminal act, but they would have to vacate this forfeiture. I could see you arguing a different point of view in some case down the road where a defendant is deprived of his right, his or her right, to be heard by a court of competent jurisdiction on the issue of guilt or innocence. This question came up last week in Mr. Madrono's case. Justice Burkett asked the same question. And respectfully, that's a question for a different case. We don't have that. But as I answered it for Justice Burkett, at a first appearance, a defendant is informed that he will be subject to trial and sentence in absentia if he doesn't show up. How can you have double jeopardy or former jeopardy if one of the judgments is not final? You can't. It has to be a final judgment. And your next question, Your Honor, has to do with the sentence. Am I right? Well, I thought I wrote down in response to questions by Justice Burke that a judgment of forfeiture is not necessarily final because there's no sentence involved. And if there's no sentence involved, then it's not final. If it's not final, then does double jeopardy apply when a judgment is not final? The judgment that is entered on the order of forfeiture is final for purposes of double jeopardy because it is being used as a punishment. The question is whether or not there should be an additional sentence imposed. It is being used as punishment. The license is. But what is the punishment for? Is it for the DUI or is it for the failure to appear? Because to my knowledge, when a judgment of forfeiture is entered, it's based not on whether there are proofs or evidence establishing intoxication and driving. There's evidence presented primarily and singularly of failure to appear after being given some sort of notice, either actual or constructive. That's true. There was no DUI in these cases, Your Honor. This is strictly – both of these were driving license revoked, just as a clarification there. But that is true, except – can you ask that question again? I had an answer and it slipped my mind. Okay. I said how is it final? If it's not final, how can you have double jeopardy? And then you said something to the effect that it's final even though there's no sentence or something like that. And then I thought you said previously that it isn't final because there is no sentence. So it seemed like you were saying two different things. Or I should say you were saying two different things that were contradictory. That could be interpreted that way. Yes, you're right. Except that I'm going to go back to say that the order of forfeiture is final for purposes of double jeopardy because it is being used as a punishment. It is not being used as in non-vehicle code cases like in NREM proceedings where it's just a civil judgment. This is a final criminal judgment. It appears on the Secretary of State's records as a final judgment of conviction for the underlying offense. So it is being used as a final judgment. And my response to you was it was a final judgment of failure to appear after being given notice, not that you supposedly were actually driving on a revoked or suspended license. So it's punishment for a factual scenario that isn't necessarily relevant or material for purposes of a trial on the actual driving license revoked or suspended. Because the factual matter is that he just simply failed to appear. Is that Your Honor's question? No. I'm saying that the alleged punishments that are incurred on a forfeiture are based upon facts relating or relevant or material to a forfeiture. The punishment that would be meted out relative to an actual trial on the merits of the criminal or the traffic charge made relates to whether or not somebody was driving on a revoked or a suspended. And it has nothing to do with whether or not they failed to appear or not. So we have two factually different scenarios with different punishments, although they appear to be called, in some instances, either the equivalent or very similar, even though the proofs are different. Yes, I will agree with that. But Your Honors have already said, for purposes of using the bond forfeiture judgment, and Smith, Your Honor, said it's a criminal conviction that can be used as an enhancement. If it's going to be used as an enhancement, then it's an enhancement because it is a previous DUI or driving license revoked. It was both of those in Smith and Nelson. So it is because it is that, not because it is just a bond forfeiture. So it's being used criminally to enhance a subsequent offense. So I guess that's, you're saying that's the punishment that's been imposed? That is one of the punishments, yes. But don't we distinguish, and haven't we distinguished in cases between and among what administrators do, the executive branch of the Secretary of State, and what judges do through their responsibility on the bench? Yes, and the trial court below said that this is an administrative conviction, not a criminal conviction. But Smith was very clear, and respectfully to the judge below, Smith was very clear and said it was a criminal conviction. And that is what the vehicle code also says. So it should have been treated as a criminal conviction, not an administrative conviction. Did that answer? But again, not a conviction on the merits. A conviction on the merits of judges just failing to appear. You mentioned trial and absentia. People show up in court. We've all admonished them on their trial and absentia. If they don't show up, they're going to receive a trial and absentia. There are attendant procedural safeguards to a defendant on trial and absentia. We have to send the proper notice. Cases have been reversed, I don't know how many times, where the notices weren't sent properly, things of that nature. So, I mean, and then the court actually has a trial on the merits, and here's the evidence, and makes a determination, usually a jury, because they haven't waived jury. That didn't happen here. You're right. It didn't happen here. And it could go back for that to happen. We could still do that. We could still have a trial. If this is vacated, what we're looking for here is that the denial of the motion to dismiss the charges, that should be vacated. I suppose it could go back for further proceedings that would be defined by Your Honors. But I go back to what I was saying before, that there are really three options in a situation where a person does forfeit their bond. One is the state can move to vacate that bond forfeiture, and you can proceed. The county can proceed with the prosecution. The next one is what basically we're saying, is that the person can be brought in with proper notice and everything else for further trial. But, again, that bond forfeiture would have to be vacated because that is a judgment. That is a final criminal conviction. So in any cases that he caught in between that time, that one that's vacated couldn't be used to enhance those. Every scenario you give me, someone is benefiting by not going to court. Tell me how that's good. Tell me how that's right. I mean, every scenario, either the guy who's subject to two to five years on one of these cases, one of your defendants, received a $900 forfeiture and a conviction. That's it. He was subject to two to five mandatory because he didn't show up in court. That's a benefit for not going to court. You can pick up a bunch of cases in the interim while you've got this judgment outstanding and while you've got that, and then all those cases that were enhanced, that he caught in the interim, would have to be reduced back down to misdemeanors because the state, in order to proceed on this case, to get their two to five would have to vacate them. He benefits not going to court. I mean, all that, everything that you're talking about, he's benefiting not showing up. Some would say that's an application of due process rights, though, Your Honor. He's entitled to have his rights, and he's entitled to be prosecuted in a manner that is appropriate under the given laws. And he was not here. What you're saying is that he's getting away scot-free, and he's not. That conviction still appears on his record. It will forever appear on his PSI, on his NCIC, on his lead sheets. It will forever appear as a conviction on an aggravated driving license revoked. But the Secretary of State abstract will have to show a bond forfeiture. It will show a 94, I think it is, conviction. And then most PSIs would show BF conviction. It wouldn't show a conviction on the merits. It would show that it was a bond forfeiture conviction. But it's still a conviction that can be used to aggravate and enhance any other offense. And that is punishment. Well, what happens if he's found guilty upon a trial on the merits? Your argument relative to an enhancement based upon that and an enhancement based upon a bond forfeiture would make some sense. Because then that would be a double enhancement. Whereas if we disregarded one of the two enhancements, then there wouldn't be a double enhancement or a double punishment. That is true. Okay. So if we were to find that the defendants were subject to further prosecution, would you suggest that we should also, as a matter of judicial economy, also point out that there can't be a double enhancement? That would be lovely. I would say that that's almost a given. But having it in writing certainly would be guidance for the bar. And that would be, again, an appropriate thing to do. So what we're asking, Your Honors, is to look at these convictions following the bond forfeitures as a criminal conviction for purposes of double jeopardy. And we're asking that the denial of the motion to dismiss be reversed. And perhaps remanded with further instructions. I have none to you. Thank you. Thank you. You'll have an opportunity for a vote. I'm sorry? You'll have an opportunity for a vote. Thank you. But you do have the right to remain silent. Mr. Schmidt? Good morning, Your Honors. Counsel, my name is Matthew Schmidt. I'm representing the people on behalf of the Appellate Prosecutor's Office. As Ms. Sullivan pointed out, what we have here is a question of whether double jeopardy applies to bond forfeitures under the Vehicle Code. I think, Justices, most of your questions hit on the offer of double jeopardy. I think that's one of the arguments that I was intending on making anyway. Does that mean we're both ignorant or we're both intelligent? I would hope that it means that we're both intelligent. And you have the right to remain silent. Thank you. Justice Burke, as you said, there's no way that people don't benefit by not going to court for this. As you stated, we have a person, Defendant Taylor, who's going to be up on his 10th conviction or 10th charge of driving while licensed or voked. And he gets away with a $900 fine. Even if it's used for subsequent enhancements up to the 15th, 20th, it doesn't matter. You can still not show up to court and get away with whatever the 10% of the bail is. Well, I was, to some degree, parroting your argument from your brief where you talk about public policy and intent of the legislature. But Ms. Sullivan makes a very good point, and that is, that I knew she'd make. And that is that public policy and intent of the legislature is really, doesn't matter at all. If we violated someone's right to double jeopardy, if we violated the constitutional right, it doesn't matter what the legislature intended or whether people get off scot-free. If there's a violation of the rights, it ends there. Yes, Your Honor. So, I mean, if this is, if we can choose to say that this is a conviction, you know, and extend Smith to this scenario, then your public policy and intent of the legislature arguments really don't carry any water, do they? Correct, Your Honor. But I think that in order to extend Smith, you would have to overcome the public policy and absurdity arguments. To extend it itself wouldn't be absurd, simply because it's obviously not the intent of the legislature for someone to be able to get away with going on their 15th or 20th DUI or DWLR by not showing up to court. I mean, I quoted, I believe, Senator Dan Cronin in my brief saying, the purpose of this statute is to punish people more severely the more violations that they have. If this is extended for double jeopardy purposes, then that purpose is completely frustrated. People can get off with a $500 fine, a $20 fine, all depending on what the bond is set at, just by not showing up. And you're saying we cannot extend it, I mean, we have the possibility or the ability to not extend it simply on the basis of public policy? Well, on the basis of public policy, and I would also argue that it is not the same offense. As Justin McLaren pointed out, there's key differences. You're not being punished because you were driving without a license, driving without a license or a vote. You're being punished because you were ordered to show up to court and you didn't. It's completely different factual matters. One is being punished for the underlying crime, one is being punished for not showing up, for disobeying an order of the court to attend court. And this is clearly shown by Supreme Court Rule 556, which says a judge must order bond forfeiture if the defendant doesn't show up. There's no purpose for this if it's not a separate offense. Why have the rule? The conviction, though, is for the offense. It's not for a bond jump. It's not a bail jump. You're talking about being punished for not appearing in court. Correct, Your Honor. These people weren't charged under the bail jumping statute and convicted of that, and they were determined whether that's the same offense. They received convictions for the offense of which they were charged by the Secretary of State. By the Secretary of State. It's not a final judgment by the court, as many justices pointed out. There's no sentence. It's a conviction, but there's no sentence. And in order to have a final judgment that implicates the double jeopardy purposes, you need both. There has to be conviction plus sentence equals final judgment. Am I correct in thinking there are not even fines and costs because the only thing that's done is that the bond is forfeited and the bond may be more or drastically less than the fines and the costs? That's correct, Your Honor. It's simply 10 percent of whatever the bond is set at, which is usually far less than what statutorily the fines would be. And, again, it's defendant Taylor has a mandatory minimum of two years in prison for this, and he's getting a $900 fine. Yeah, but those two years, he gets two years of free room and board and medical treatment. I mean, that's worth something, isn't it? Perhaps, I think Ms. Silver would take issue with that. And all the television and weightlifting, he can, you know, do in 24 hours. Well, that may be true, Your Honor, but I can't speak to that personally. I mean, if the state makes a motion to vacate and the judge says no, and the defense makes a motion to vacate and the judge says no, what are we to do? I mean, Ms. Silver's position seems to be that if a situation like this comes up and we finally get Mr. Taylor and he's in court and he's ready to proceed, the state makes a motion to vacate and you go forward. What if the judge says no? Well, then, according to Ms. Silver's argument, then it's over. That would be a final conviction for double jeopardy purposes. You can no longer proceed. The judge is making the argument it's been more than 30 days, I don't have any jurisdiction. Does the judge ever lose jurisdiction on a bond forfeiture matter, bond forfeiture judgment matter? I'm sorry, Your Honor, I'm not sure. That's not something I looked at. Sorry. But as I said, Mr. Taylor forfeited his bond three times. On the fourth time, now he's finally in prison and present, and the motion was made, and I think correctly denied due to the reasons we already said. There's no final judgment. It leads to absurd results where the purpose of the statute is frustrated. I would also like to point out something that came up in the argument last week on the Villafuerte and Medrano case, where section 3210 of the criminal code clearly shows that violations of bond and violations of the underlying offense are separate issues, as it demands consecutive sentences for those crimes. It's not precisely on point, but you can see that elsewhere the legislator has contemplated them as separate offenses. Do you agree with Ms. Silver relative to there should not be double enhancement based upon the forfeiture and a conviction for the DWOS or R? As double enhancements are generally forbidden, yes, I would agree with that. Unless there are any other questions, we would like to ask the court to please affirm the judgments of the court below. Thank you very much. Okay, thank you. One question. What county or circuit was Medrano out of? Do you know? I believe both these cases are from Boone, Your Honor. Thank you. Ms. Silver. Yes, all four of these cases, Medrano, Cervantes, and these two are out of Boone County. Which begs the question, just a hypothetical question here, if Boone County is the only county doing this and making this mistake, and everybody else is doing it the right way, does Boone County need to be told something? Who's out of step is what you're saying. Right, who's out of step. Everybody's out of step. Is it the rest of the state or is it Boone County? No, it's just that they have a public defender who has a very creative sense of what double jeopardy is, and so she or he is making that argument, wherein neighboring Winnebago and neighboring McHenry, they're not that smart. Perhaps that's true, yes, or creative. We'll leave it with creative and not to demean anybody in those counties. Just a couple of quick responses here. Jurisdiction on a bond forfeiture matter. I do not know offhand if there is a statute of limitations on that, but there is under 1401, 21401, the state could file a petition to vacate it, which is what they did in Gilwackie, and it was not permitted. The state, for procedural reasons, didn't do it at the right time, or I can't remember exactly what happened. But it's also interesting, in Gilwackie, the state, on appeal, took the position that a bond forfeiture judgment on bond forfeiture is a criminal conviction, and I would venture to say that they meant it in terms of for all purposes, including double jeopardy. So now they are changing their tune. The other thing that I just wanted to comment on was... No one brought that argument, though. I'm sorry? The trial court didn't buy that argument, and we really never got to it because we said the state didn't... Exactly. ...represent due diligence in a meritorious defense. Exactly. This court did not get to it. Right. But they did make that argument, that it was a criminal conviction, and now is the time to answer that, and that's what it comes down to. The other thing that I wanted to just comment very quickly on is that, yes, there is a bail jump statute, and if the state wanted to proceed on somebody who skips out on their bond, charge them. Just charge them under 3210 and go for a criminal conviction. You could get a consecutive sentence then to whatever conviction might occur on the DWLR or DUI or whatever the offense is here. You can get a consecutive, and you can keep the person off the road even longer. But don't treat this bond forfeiture the way it's... How do you keep them off the road even longer? I'm not quite sure I understand how you do that. Well, if a person is convicted of the aggravated DUI or aggravated license revoked and a bail jump. I thought you meant you could keep them off the road longer with a criminal bond forfeiture conviction. The sentence would have to be consecutive is what I'm saying. So it would keep them effectively off the road longer. The state argued that the defendant here was not convicted of the same offense. He was convicted of a bond forfeiture in one front and then was not convicted of the underlying offense. How do you respond to that? The same way I responded in the initial argument, Your Honor. What we're arguing is that it is a conviction on the underlying offense. The vehicle code says that it's an adjudication of guilty after jury trial, bench trial, guilty plea, bond forfeiture, or default. What is that conviction on? It's on the underlying offense. It's a jury trial on an ag DUI. It's a bench trial on an ag DWLR, whatever the underlying offense is. Why do you think the vehicle code is different than the code of criminal procedure? I think it goes to the intent of the legislature. I think perhaps an argument can be made that it goes to allow the Secretary of State to have a lot of leeway in how they handle the licensure. That is also another one. One of the things that we argued last week in Medrano is that one of the intents of the legislature has to come down to the fact that any vehicle offense, by the very nature of it taking place in a vehicle, is a transient offense. Mr. Taylor, I believe, lives in Chicago, and he does have other DWLRs from Cook County, and one of them was used to aggravate this offense here. So he does have other offenses in Cook County. What are the chances that he's going to come all the way back to Boone County? Instead of the county, Boone County, is getting money on the bond forfeiture, if they want to vacate it, get the arrest warrant issued, drive all the way to Cook County and arrest this guy, bring him back to Boone County, you've got tons of resources and money from the county being used. By simply entering a conviction on the bond forfeiture, which encompasses the underlying offense, the county is actually saving money, and it could be that that's part of the legislature's intent to save the county's money. I don't think either one of us actually looked into, besides Representative Cronin's comments, as to what the legislative history was, and if you want further briefing on that, I'd be happy to look into it. But it does come down to what the legislature intended. If there's no other questions? I don't think I have any other questions. Thank you, Your Honor. Thank you. The case will be taken under advisement. Of course.